UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NEXTGEAR CAPITAL, INC.,**
an Indiana company,                                    Case No. 16-cv-10298
       Plaintiff,

v.

**JOHN YURKOVICH AUTO SALES,
INC.,** a Michigan company, and
**JOHN YURKOVICH,** individually,
       Defendants.
_____

## COMPLAINT

Plaintiff NextGear Capital, Inc. ("NextGear"), by its attorneys Brooks Wilkins Sharkey & Turco PLLC, complains as follows against Defendants John Yurkovich Auto Sales, Inc. ("JYAS") and John Yurkovich ("Yurkovich"):

### PARTIES, JURISDICTION, AND VENUE

1.    NextGear is a Delaware corporation with its principal place of business located at 1320 City Center Drive, Suite 100, Carmel, Indiana 46032.

2.    JYAS is incorporated in Michigan and its principal place of business is located at 2355 Fort St., Wyandotte, Wayne County, Michigan 48192.

3.    Yurkovich is a citizen of Michigan with a residence at 20743 Country Oaks Dr. Riverview, Wayne County, Michigan 48193-7958.

4. This action is wholly between citizens of different states, there is complete diversity, and the amount in controversy exceeds $75,000, exclusive of interest, costs or attorneys' fees. Therefore, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332.

5. Venue is proper because the Defendants regularly conduct business in this District, a substantial amount of the activity giving rise to this action took place in this District, and NextGear's collateral is believed to be located in this District and under the control of JYAS.

## GENERAL ALLEGATIONS

6. NextGear provides secured loans to companies that sell new and used automobiles.

7. NextGear's loans are provided in exchange for a promise of repayment, a security interest in automobiles offered for sale, and personal guarantees.

8. Defendant JYAS is a dealer of used automobiles.

9. Defendant Yurkovich is the president of JYAS.

10. On or about October 27, 2010, JYAS entered a floor plan financing relationship with Dealer Services Corporation k/n/a NextGear.[1] JYAS then signed

---

[1] JYAS actually has an even longer tenure with NextGear predecessors because on or about December 28, 2006, JYAS entered a floor plan financing relationship with

2

a new contract with NextGear on September 13, 2013, titled as a Demand Promissory Note and Loan and Security Agreement (the "Note"), wherein NextGear agreed to provide a discretionary line of credit to JYAS for inventory financing up to the principal sum of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest payable and other charges all as stated in the Note. A copy of the Note is attached as **Exhibit A**, and incorporated by reference.

    11.    To secure the payment of all indebtedness owed, JYAS granted a security interest to NextGear in all right, title and interest in the following:

> (a)    Borrower grants to Lender a continuing security interest in all of Borrower's assets and properties, wherever located, including, without limitation, all equipment of any kind or nature; all vehicles and vehicle parts; all Inventory now owned or hereafter acquired, including, without limitation, all Lender Financed Inventory now owned or hereafter acquired; all amounts in Borrower's Reserve held by or on behalf of Lender, if any; all documents, documents of title, deposit accounts, accounts receivable, manufacturer rebates and incentive payments, chattel paper, including, without limitation, all Receivables and general intangibles now owned or hereafter acquired by Borrower; all cash reserves; all of Borrower's books and records (including any books and records contained on computer hardware or software or otherwise stored by or on behalf of Borrower in electronic or digital form); and all additions, accessions, accessories, replacements, substitutions; and proceeds of any of the foregoing." (**Ex. A**, Note at p. 1)

    12.    The personal property collateral in which NextGear has a perfected first priority security interest and which is the subject of this action consists of the

---

Manheim Automotive Financial Services, for which NextGear is a successor by merger.

current units of lender financed inventory reflected in **Exhibit B** to the Complaint, along with physical keys to those units (the "Collateral").

13.   To induce NextGear to provide the advances, Yurkovich executed an Individual Guaranty, whereby he personally guaranteed repayment of any advances made to JYAS. (**Ex. C**, Individual Guaranty)

14.   NextGear advanced funds to JYAS and/or on JYAS's behalf for JYAS to acquire inventory as Collateral pursuant to the terms of the Note. (**Ex. B**, Receivable Detail Report)

15.   The funds advanced by NextGear to JYAS and to certain third parties on JYAS's behalf have not been fully repaid as agreed.

16.   From July 10, 2015 to October 22, 2015, NextGear advanced funds to JYAS for at least 24 vehicles.  (**Ex. B**, Receivable Detail Report)  Balances remain owed by JYAS on at least 24 vehicles.  (*Id*.)

17.   JYAS was required to re-pay the entire balance of any advance within 24 hours of JYAS's receipt of the funds from a sale of any vehicle in the Collateral. (**Ex. A**, Note, §54(f))

18.   Pursuant to the Note, as long as it is not in default, JYAS may sell a "Unit of Lender Financed Inventory" to bona fide buyers in the ordinary course of business, and JYAS must "hold all amounts received from the sale of [the Unit] in the form as received in trust for the sole benefit of and for Lender and to remit such

4

funds satisfying all amounts due to Lender and owing by Borrower for such Unit of Lender Financed Inventory, in each case within twenty-four (24) hours of Borrower's receipt of such funds." (**Ex. A**, Note, §4(f), 5(o))

19. Further, under the Note, JYAS agreed "[t]hat all payments made by Borrower to Lender via check or ACH, at the time of issuance, will be written or drawn upon an account that contains immediately available funds sufficient to cover the dollar amount of such check or ACH." (**Ex. A**, Note, §4(p))

20. JYAS agreed, pursuant to the Note, that "Borrower shall pay all Liabilities, without notice, that concern or relate to a Receivable Advance for a subject Receivable on or before the Maturity Date." (**Ex. A**, Note, §5(g))

21. Pursuant to the Note, an Event of Default occurs if "Borrower or any Guarantor fails to perform any of its obligations, undertakings or covenants under this Note or under any other Loan Document, including any obligation to repay any Liability when due and Borrower's obligation to pay upon demand any outstanding Liability under this Note." (**Ex. A**, Note, §6(a))

22. Upon an Event of Default, NextGear is entitled to "[d]emand immediate payment of all Liabilities under this Note and the other Loan Documents and all other indebtedness and amounts owed to Lender and its Affiliates by Borrower and its Affiliates." (**Ex. A**, Note, §7(a)).

5

23. JYAS purportedly sold as many as seven vehicles from its Lender Financed Inventory, but failed to pay the outstanding balance of the advance to NextGear within 24 hours of receipt of funds as required by the Note. (**Ex. A**; **Ex. B**) Further, provided there were such sales, JYAS failed to hold any proceeds from those sales in trust for NextGear.

24. JYAS also defaulted under the Note by, inter alia, failing to make payments of principal and/or interest due thereunder. (**Ex. B**, Receivable Detail Report)

25. Each of JYAS's material breaches was an event of Default defined in Section 6 of the Note, and resulted in an immediate acceleration of all amounts owed.

26. JYAS is currently indebted to NextGear in the principal amount of $88,117.13, plus late charges, costs, fees, and NextGear's attorney's fees and court costs.

27. Per the Note terms, on at least six separate occasions in December 2015, NextGear demanded JYAS to assemble and prepare for removal the 17 or more units of Collateral which are believed to remain in its possession. (**Ex. A**, Note, §7(a))

28. On or about December 31, 2015, JYAS stated it planned to deliver the Collateral to an area Auction for NextGear to remarket and apply toward the

6

outstanding balance owed on the Note. JYAS did not deliver the Collateral and did not make the Collateral available for retrieval by NextGear.

29. On January 5, 2016, NextGear again demanded JYAS to surrender the Collateral in its possession. JYAS surrendered the keys for several vehicles, but refused to allow NextGear to recover the vehicles alleging that it had an equity rights in the Collateral.

30. JYAS has materially breached the Note by failing to make the required payments and failing to surrender the Collateral.

31. Upon information and belief, JYAS is believed to possess at least some, if not all, of the following 24 vehicles which had been pledged as Collateral (see **Ex. B**) and which NextGear is entitled to recover under the terms of the Note:

1. 2007 Ford Focus, VIN 229427, Stock #554
2. 2007 Pontiac G6, VIN 102573, Stock #556
3. 2002 Ford Focus, VIN 109953, Stock #560
4. 2006 Chrysler Town & Country Touring Signature, VIN 738974, Stock #561
5. 2005 Dodge Durango, VIN 510795, Stock #592
6. 2004 Cadillac DeVille, VIN 126115, Stock #596
7. 2004 Cadillac SRX, VIN 165241, Stock #597
8. 2002 Ford Ranger, VIN A74737, Stock #602
9. 2005 Chevy Trailblazer, VIN 276655, Stock #604
10. 2000 Chevy Montana, VIN 285371, Stock #608
11. 2003 Chrysler PT Cruiser, VIN 619934, Stock #609
12. 1998 Ford Mustang, VIN 208711, Stock #610
13. 2003 Chrysler Town and Country, VIN 241525, Stock #612
14. 2000 Ford E350, VIN B26780, Stock #614
15. 2004 Pontiac Grand Am, VIN 245597, Stock #619
16. 1985 Lincoln TownCar, VIN 666860, Stock #621
17. 2001 Ford F150, VIN E49140, Stock #623

18. 2004 Ford Explorer, VIN B17384, Stock #624
19. 2007 Chrysler PT Cruiser, VIN 557762, Stock #625
20. 2004 Ford F150, VIN A44386, Stock #632
21. 2007 Cadillac DTS, VIN 183103, Stock #635
22. 2006 Hummer H3, VIN 282843, Stock # 638
23. 2006 Chevy Aveo, VIN 577252, Stock #639
24. 2008 Chrysler Town & Country Touring, VIN 844342, Stock #641

32. Due to JYAS's default, Yurkovich is also in breach of the Individual Guaranty resulting from his failure to make full payment of all amounts owed following his discussions with NextGear. (**Ex. C**, Individual Guaranty).

33. Yurkovich is personally liable for all amounts due and unpaid by NextGear under the Individual Guaranty, including but not limited to the unpaid amount financed, any late charges, and costs and fees, including NextGear's attorney's fees and court costs.

## COUNT I – CLAIM AND DELIVERY

34. NextGear realleges each of the preceding paragraphs.

35. JYAS owes an outstanding balance on the Note to NextGear in the principal amount of $88,117.13, plus additional audit fees, interest, and attorney fees.

36. JYAS has ignored NextGear's requests to resolve the material breach by remitting payment of the entire outstanding balance and/or by surrendering the Collateral.

37. JYAS has wrongfully refused to allow NextGear to take possession of the Collateral.

38. NextGear is lawfully entitled to immediate possession of Collateral in JYAS's possession, including at least some, if not all, of the following 24 vehicles:

1. 2007 Ford Focus, VIN 229427, Stock #554
2. 2007 Pontiac G6, VIN 102573, Stock #556
3. 2002 Ford Focus, VIN 109953, Stock #560
4. 2006 Chrysler Town & Country Touring Signature, VIN 738974, Stock #561
5. 2005 Dodge Durango, VIN 510795, Stock #592
6. 2004 Cadillac DeVille, VIN 126115, Stock #596
7. 2004 Cadillac SRX, VIN 165241, Stock #597
8. 2002 Ford Ranger, VIN A74737, Stock #602
9. 2005 Chevy Trailblazer, VIN 276655, Stock #604
10. 2000 Chevy Montana, VIN 285371, Stock #608
11. 2003 Chrysler PT Cruiser, VIN 619934, Stock #609
12. 1998 Ford Mustang, VIN 208711, Stock #610
13. 2003 Chrysler Town and Country, VIN 241525, Stock #612
14. 2000 Ford E350, VIN B26780, Stock #614
15. 2004 Pontiac Grand Am, VIN 245597, Stock #619
16. 1985 Lincoln TownCar, VIN 666860, Stock #621
17. 2001 Ford F150, VIN E49140, Stock #623
18. 2004 Ford Explorer, VIN B17384, Stock #624
19. 2007 Chrysler PT Cruiser, VIN 557762, Stock #625
20. 2004 Ford F150, VIN A44386, Stock #632
21. 2007 Cadillac DTS, VIN 183103, Stock #635
22. 2006 Hummer H3, VIN 282843, Stock # 638
23. 2006 Chevy Aveo, VIN 577252, Stock #639
24. 2008 Chrysler Town & Country Touring, VIN 844342, Stock #641

39. If the vehicles identified above are not sufficient to cover the outstanding debt owed by JYAS, JYAS will remain liable for all remaining

9

amounts and NextGear has an additional right under the Note to repossess additional vehicles, vehicle parts, and receivables.

40. JYAS has refused to allow NextGear to access its property to conduct an accounting of its Collateral.

41. NextGear does not believe that auction value of the vehicles in the Lender Financed Inventory is sufficient to cover the amount JYAS owes to NextGear on the Note, as the estimated auction value of all 24 units is approximately $86,798.00[2]. (**Ex. D**, Value Estimate)

42. NextGear's basis and reason for its claim and delivery count is that JYAS materially breached the Note when it did not submit timely payments, sold one or more units out of trust, and refused to allow NextGear to repossess the Collateral as allowed under the Note.

43. Based upon the foregoing basis in the Note, and pursuant to Fed. R. Civ. P. 64 which provides for application of the law of the state of Michigan for the seizure of property to secure satisfaction of the potential judgment (MCL § 600.2920 and MCR 3.105), NextGear is entitled to an immediate order for possession of the Collateral.

## COUNT II – BREACH OF CONTRACT (JYAS)

---

[2] The estimated value was provided by consulting the Manheim Market Report ("MMR"), a valuation guide. Where values were not available in the MMR, they were located by consulting NextGear's prior sales data and/or auction values from auctions used by NextGear.

44. NextGear realleges each of the preceding paragraphs.

45. The Note is valid and binding.

46. Pursuant to the Note, JYAS agreed to make timely and full payments to NextGear, including payment in full following the sale of any vehicle for which a specific advance was made.

47. JYAS failed to make the required payments, including failure to pay the entire balance for advances made on multiple units upon the aged maturity date of the advance. (**Ex. B**, Receivable Detail Report)

48. Upon information and belief, JYAS sold out of trust one or more vehicles, failed to hold proceeds in trust for NextGear and failed to pay the entire balance of the advance following the sale of vehicles from its Inventory, which sold units could be one or more of the following stock numbers 554, 560, 604, 614, 624, 625, 632, 638, and 641.

49. As of January 20, 2016, JYAS owes NextGear $88,117.13 in principal, not including fees and interest and other charges. (**Ex. B,** Receivable Detail Report)

50. Despite demands for payment, JYAS has refused to pay the entire balance owed and has failed to surrender the Collateral.

51. NextGear has suffered damages as a direct and proximate result of JYAS's material breach.

52. JYAS is also liable to NextGear for its expenses, court costs and attorney's fees incurred in this action. (**Ex. A**, p. 10, ¶ 18)

### COUNT III – BREACH OF CONTRACT (YURKOVICH)

53. NextGear realleges each of the preceding paragraphs.

54. The Individual Guaranty is valid and binding. (**Ex. C**, Individual Guaranty)

55. Pursuant to the Individual Guaranty, Yurkovich agreed to absolutely and unconditionally guarantee the full and prompt payment of the Note by JYAS. (**Ex. C**, Individual Guaranty, p. 1, § 2(a))

56. JYAS failed to make the required payments to NextGear and materially breached the Note, as described in more detail above.

57. Despite NextGear's demands for payment, Yurkovich materially breached the Individual Guaranty by failing to pay the amounts owed by JYAS.

58. NextGear has suffered damages as a direct and proximate result of Yurkovich's material breach of the Individual Guaranty.

59. Yurkovich is also liable to NextGear for its expenses, court costs and attorney's fees incurred in this action. (**Ex. C,** p. 4, ¶ 3(c).

### COUNT IV – DECLARATORY RELIEF

60. NextGear realleges each of the preceding paragraphs.

61. NextGear, JYAS, and Yurkovich have an actual case and controversy concerning the Note and Individual Guaranty.

62. NextGear contends that JYAS materially breached the Note when it did not submit timely payments, and therefore, NextGear may accelerate all amounts owed and repossess Collateral to satisfy the debt.

63. NextGear contends that Yurkovich materially breached the Individual Guaranty when he did not satisfy the obligations of JYAS, and therefore, NextGear may obtain a judgment against him personally.

64. NextGear has demanded JYAS to turn over the Collateral, which upon information and belief currently consists of as many as 24 vehicles.

65. JYAS and Yurkovich have refused to surrender the Collateral.

66. It is within the jurisdiction of this Court under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 to render a declaratory judgment as to the parties' respective rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff NextGear Capital, Inc. requests that this Court enter judgment in its favor and against Defendants John Yurkovich Auto Sales, Inc. and John Yurkovich as follows:

A. A preliminarily and permanently injunction which enjoins Defendants and all acting in concert with them from using, operating, damaging, destroying,

concealing, hypothecating, selling, transferring, giving away, altering or otherwise disposing of the following Collateral and the proceeds therefrom:

1. 2007 Ford Focus, VIN 229427, Stock #554
2. 2007 Pontiac G6, VIN 102573, Stock #556
3. 2002 Ford Focus, VIN 109953, Stock #560
4. 2006 Chrysler Town & Country Touring Signature, VIN 738974, Stock #561
5. 2005 Dodge Durango, VIN 510795, Stock #592
6. 2004 Cadillac DeVille, VIN 126115, Stock #596
7. 2004 Cadillac SRX, VIN 165241, Stock #597
8. 2002 Ford Ranger, VIN A74737, Stock #602
9. 2005 Chevy Trailblazer, VIN 276655, Stock #604
10. 2000 Chevy Montana, VIN 285371, Stock #608
11. 2003 Chrysler PT Cruiser, VIN 619934, Stock #609
12. 1998 Ford Mustang, VIN 208711, Stock #610
13. 2003 Chrysler Town and Country, VIN 241525, Stock #612
14. 2000 Ford E350, VIN B26780, Stock #614
15. 2004 Pontiac Grand Am, VIN 245597, Stock #619
16. 1985 Lincoln TownCar, VIN 666860, Stock #621
17. 2001 Ford F150, VIN E49140, Stock #623
18. 2004 Ford Explorer, VIN B17384, Stock #624
19. 2007 Chrysler PT Cruiser, VIN 557762, Stock #625
20. 2004 Ford F150, VIN A44386, Stock #632
21. 2007 Cadillac DTS, VIN 183103, Stock #635
22. 2006 Hummer H3, VIN 282843, Stock # 638
23. 2006 Chevy Aveo, VIN 577252, Stock #639
24. 2008 Chrysler Town & Country Touring, VIN 844342, Stock #641

B. An order providing the sheriff or court officer with authority to immediately seize the 24 units of Collateral identified above and deliver them to NextGear to be secured pending resolution of this matter;

C. Imposition of a constructive trust for the NextGear's benefit concerning all Collateral in JYAS's possession, custody or control and award

NextGear (i) damages for any use, damage, abandonment, and/or destruction of the Collateral, and (ii) the proceeds to be provided by JYAS to NextGear from any sale, transfer or other disposition of the Collateral;

D.    An order declaring that JYAS and Yurkovich have materially breached the Note and Individual Guaranty and that NextGear is entitled to collect all Collateral necessary to satisfy the outstanding amount owed;

E.    A judgment against JYAS and Yurkovich for damages related to JYAS's breach of the Note and Yurkovich's breach of the Individual Guaranty, which includes attorney's fees and court costs; and

F.    A judgment against JYAS and Yurkovich for any and all such other relief this Court deems NextGear to be entitled.

Respectfully submitted,

**Brooks Wilkins Sharkey & Turco PLLC,**

By: _____
Daniel N. Sharkey (P53837)
Brad A. Danek (P72098)
James McAskin (P72930)
401 S. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
(248) 971-1800; (248) 971-1801 - Fax
sharkey@bwst-law.com
danek@bwst-law.com
Attorneys for Plaintiff

Date: January 28, 2016