UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NEXTGEAR CAPITAL, INC.,**
an Indiana company,
       Plaintiff,

v.

Case No. 16-cv-10298

**JOHN YURKOVICH AUTO SALES, INC.,**
    a Michigan company, and
**JOHN YURKOVICH,** individually,
       Defendants.

_____

Daniel N. Sharkey (P53837)
Brad A. Danek (P72098)
Brooks Wilkins Sharkey & Turco PLLC
401 S. Old Woodward Avenue, Ste. 400
Birmingham, Michigan 48009
(248) 971-1800
Attorneys for Plaintiff
_____/

## VERIFIED MOTION AND BRIEF FOR POSSESSION OF COLLATERAL PENDING FINAL JUDGMENT AND TEMPORARY ORDER PENDING HEARING

Plaintiff NextGear Capital, Inc. ("NextGear"), through its attorneys, Brooks Wilkins Sharkey & Turco PLLC, moves this Court pursuant to Fed. R. Civ. P. 64, MCL § 600.2920, and MCR 3.105 for an order granting NextGear possession of automobiles which had been pledged as collateral, pending final judgment of default, and for a temporary order of possession pending a hearing, for the following reasons:

1.  On or about October 27, 2010, John Yurkovich Auto Sales, Inc. ("JYAS") entered into a floor plan financing relationship with Dealer Services Corporation k/n/a NextGear.[1]

2.  JYAS executed a contract with NextGear on September 13, 2013, which was a Demand Promissory Note and Loan and Security Agreement (the "Note"), wherein NextGear agreed to provide a line of credit to JYAS for inventory financing up to One Hundred Fifty Thousand Dollars ($150,000.00), or such greater or lesser amount which may be advanced. A copy of the Note is attached as **Exhibit A**, and incorporated by reference.

3.  From July 10, 2015 to October 22, 2015, NextGear advanced at least $103,590.00 to JYAS, which JYAS used to purchase at least 24 vehicles to be placed in its inventory. (**Ex. B**, Receivable Detail Report)

4.  JYAS provided NextGear a security interest in not only the specific vehicles purchased using advances from NextGear, but "all vehicles and vehicle parts; all Inventory now owned or hereafter acquired," and all accounts and receivables held by JYAS ("Collateral"). (**Ex. A**, Note at p. 1)

---

[1] JYAS actually has an even longer tenure with NextGear predecessors because on or about December 28, 2006, JYAS entered a floor plan financing relationship with Manheim Automotive Financial Services, for which NextGear is a successor by merger.

2

5. JYAS agreed to repay the advances through progress payments pursuant to the Note's Advance Schedule and to repay in full each advance within the time periods set forth in the Note. (**Ex. A**, Note, Advance Schedule)

6. In addition, JYAS agreed in the Note to immediately repay the entire balance owed on any advance if the specific vehicle pledged as Collateral was sold from its inventory.

7. JYAS materially breached the Note when it purportedly sold one or more vehicles that had been funded by advances from NextGear and failed to pay the total outstanding balance of each advance within 24 hours of JYAS's receipt of the funds from the sale.

8. JYAS further materially breached the Note by failing to pay the entire balance owed on multiple vehicles when their time period for repayment in full had occurred under the Note, even though they had not yet been sold.

9. JYAS materially breached the Note by failing to meet the payment schedule for other vehicles on its line of credit.

10. Each of JYAS's material breaches were an Event of Default defined in Section 6 of the Note and resulted in an immediate acceleration of all amounts owed. (**Ex. A**)

11. JYAS is currently indebted to NextGear in the total principal amount of 88,117.13, exclusive of late charges, costs, fees, and NextGear's attorney's fees and court costs. (**Ex. B**)

12. Per the Note's terms, on at least six separate occasions in December 2015, NextGear demanded JYAS to assemble and prepare for retrieval by NextGear the units of Collateral which are believed to remain in JYAS's possession, totaling as many as 24. (**Ex. A**, Note, §7(a))

13. On January 5, 2016, NextGear again demanded JYAS to surrender all financed inventory in JYAS's possession. JYAS surrendered the keys for several vehicles, but refused to allow NextGear to recover the vehicles alleging that it had an equity right in the inventory.

14. Upon information and belief, JYAS currently possesses some or all of the following 24 vehicles that were financed by NextGear, for which balances remain owed to NextGear, which have been pledged to NextGear as Collateral, and which NextGear is entitled to immediately recover under terms of the Note:

1. 2007 Ford Focus, VIN 229427, Stock #554
2. 2007 Pontiac G6, VIN 102573, Stock #556
3. 2002 Ford Focus, VIN 109953, Stock #560
4. 2006 Chrysler Town & Country Touring Signature, VIN 738974, Stock #561
5. 2005 Dodge Durango, VIN 510795, Stock #592
6. 2004 Cadillac DeVille, VIN 126115, Stock #596
7. 2004 Cadillac SRX, VIN 165241, Stock #597
8. 2002 Ford Ranger, VIN A74737, Stock #602
9. 2005 Chevy Trailblazer, VIN 276655, Stock #604

    10. 2000 Chevy Montana, VIN 285371, Stock #608
    11. 2003 Chrysler PT Cruiser, VIN 619934, Stock #609
    12. 1998 Ford Mustang, VIN 208711, Stock #610
    13. 2003 Chrysler Town and Country, VIN 241525, Stock #612
    14. 2000 Ford E350, VIN B26780, Stock #614
    15. 2004 Pontiac Grand Am, VIN 245597, Stock #619
    16. 1985 Lincoln TownCar, VIN 666860, Stock #621
    17. 2001 Ford F150, VIN E49140, Stock #623
    18. 2004 Ford Explorer, VIN B17384, Stock #624
    19. 2007 Chrysler PT Cruiser, VIN 557762, Stock #625
    20. 2004 Ford F150, VIN A44386, Stock #632
    21. 2007 Cadillac DTS, VIN 183103, Stock #635
    22. 2006 Hummer H3, VIN 282843, Stock # 638
    23. 2006 Chevy Aveo, VIN 577252, Stock #639
    24. 2008 Chrysler Town & Country Touring, VIN 844342, Stock #641

15.    JYAS has refused to turn over the Collateral, which has an estimated value of $86,798. (**Ex. C**, Value Spreadsheet)

16.    NextGear is genuinely concerned that, absent an ex parte order from this Court, the vehicles, which are inherently saleable and moveable, will be damaged, destroyed, moved, concealed, hypothecated or transferred in such a manner as to substantially impair their value. Upon information and belief, JYAS continues to offer the vehicles for sale. (**Ex. D**, Website)

17.    This Verified Motion is supported by the Complaint, the exhibits attached thereto, the accompanying Brief, and MCL § 600.2920 and MCR 3.105, which are properly enforced by this Court pursuant to Fed. R. Civ. P. 64.

WHEREFORE, for each of the reasons stated above, NextGear requests the following relief:

A. Entry of a temporary order pending a hearing on this Motion that restrains JYAS or anyone acting in concert with JYAS from using, operating, damaging, destroying, concealing, hypothecating, selling, transferring, giving away, altering or otherwise disposing of the following Collateral in its Lender Financed Inventory or the proceeds thereof:

1. 2007 Ford Focus, VIN 229427, Stock #554
2. 2007 Pontiac G6, VIN 102573, Stock #556
3. 2002 Ford Focus, VIN 109953, Stock #560
4. 2006 Chrysler Town & Country Touring Signature, VIN 738974, Stock #561
5. 2005 Dodge Durango, VIN 510795, Stock #592
6. 2004 Cadillac DeVille, VIN 126115, Stock #596
7. 2004 Cadillac SRX, VIN 165241, Stock #597
8. 2002 Ford Ranger, VIN A74737, Stock #602
9. 2005 Chevy Trailblazer, VIN 276655, Stock #604
10. 2000 Chevy Montana, VIN 285371, Stock #608
11. 2003 Chrysler PT Cruiser, VIN 619934, Stock #609
12. 1998 Ford Mustang, VIN 208711, Stock #610
13. 2003 Chrysler Town and Country, VIN 241525, Stock #612
14. 2000 Ford E350, VIN B26780, Stock #614
15. 2004 Pontiac Grand Am, VIN 245597, Stock #619
16. 1985 Lincoln TownCar, VIN 666860, Stock #621
17. 2001 Ford F150, VIN E49140, Stock #623
18. 2004 Ford Explorer, VIN B17384, Stock #624
19. 2007 Chrysler PT Cruiser, VIN 557762, Stock #625
20. 2004 Ford F150, VIN A44386, Stock #632
21. 2007 Cadillac DTS, VIN 183103, Stock #635
22. 2006 Hummer H3, VIN 282843, Stock # 638
23. 2006 Chevy Aveo, VIN 577252, Stock #639
24. 2008 Chrysler Town & Country Touring, VIN 844342, Stock #641

B.  That a hearing be scheduled this matter for a hearing within seven days for JYAS to Show Cause why the Court should not enter an order awarding NextGear possession of the unsold, financed vehicles pending final judgment; and

C.  At the conclusion of the Show Cause hearing, enter an order granting NextGear possession of the unsold, financed vehicles pending final judgment and awarding NextGear the costs, interest, and attorney fees it incurs in connection with this Motion.

Date:  January 28, 2015

Respectfully submitted,

Brooks Wilkins Sharkey & Turco PLLC

By: /s/ Brad A. Danek
Daniel N. Sharkey (P53837)
Brad A. Danek (P72098)
James McAskin (P72930)
401 S. Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1800
sharkey@bwst-law.com
danek@bwst-law.com
Attorneys for Plaintiff

## VERIFICATION

State of Michigan              )
County of Oakland          )

I, Michelle Dickson, being duly sworn, depose and state:

1. I am over the age of 18, of sound mind, and I am competent to testify to the facts and representations in this Verification based on my personal knowledge as Account Executive of NextGear Capital, Inc. and its Demand Promissory Note and Loan and Security Agreement ("Note") with John Yurkovich Auto Sales, Inc.

2. I have read this Verified Motion and Brief For Possession Pending Hearing and Final Judgment And For A Temporary Order Pending Hearing. I can personally attest to the accuracy of the factual assertions stated in the Motion and Brief.

3. I have also reviewed the exhibits and can confirm that Exhibit A is a complete and accurate copy of the parties' Note.

4. I have also reviewed the list of specific Collateral contained on the Receivable Detail Report attached as Exhibit B and can confirm that it is a true and accurate copy of the Receivable Detail Report listing the items of inventory that still have balances outstanding.

8

5. I am familiar with the vehicle auction service providers, including Manheim Detroit auto auction, located at 600 Will Carleton Rd, Carleton, MI 48117.

6. The auction values of the units identified in the Exhibit B, is estimated to total $86,798, based on the Manheim Market Report ("MMR"), and sales history of similar vehicles.

The above statements are true, accurate, and complete to the best of my knowledge, information, and belief.

By: Michelle Dickson
Its: Account Executive
Date: 01·28·16

## **BRIEF IN SUPPORT OF MOTION**

## **INTRODUCTION**

NextGear is seeking a Court order authorizing it to take immediate possession of as many as 24 vehicles which were pledged by JYAS as collateral for a line of credit it received from NextGear and on which it has defaulted. JYAS agreed to this relief when it executed the Note. JYAS has no defense to the claims and providing possession to NextGear pending final judgment would mitigate its damages and ensure timely, cost-effective, resolution of this dispute.

## **FACTS**

NextGear provides advances to companies that are in the business of selling motor vehicles. JYAS is in the business of selling and buying motor vehicles. On or about October 27, 2010, JYAS entered a floor plan financing relationship with Dealer Services Corporation k/n/a NextGear. JYAS signed a new contract with NextGear on September 13, 2013, titled as a Demand Promissory Note and Loan and Security Agreement (the "Note"), wherein NextGear agreed to provide a discretionary line of credit to JYAS for inventory financing up to the principal sum of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest payable and other charges. A copy of the Note is attached as Exhibit A, and incorporated by reference.

JYAS agreed to repay each advance in accordance with the payment schedule set forth in the Note on the Advance Schedule. (**Ex. A**, Note, Advance Schedule) JYAS provided to NextGear a security interest in "all vehicles and vehicle parts; all Inventory now owned or hereafter acquired," and all accounts and receivables held by JYAS ("Collateral"). (**Ex. A**, Note at p. 1)

From July 10, 2015 to October 22, 2015, NextGear advanced at least $103,590.00 to JYAS, which JYAS used to purchase at least 24 vehicles to be placed in its inventory. (**Ex. B**, Receivable Detail Report) JYAS purported to sell at least one of those financed vehicles, but failed to pay the outstanding balance of the advance to NextGear within 24 hours of its receipt of the proceeds, as was required by the Note. On other financed vehicles, JYAS was unable to make the necessary curtailment payments and/or pay off the entire balance of the advance in accordance with the Advance Schedule. JYAS materially breached the Note by failing to make all required payments on these vehicles. (**Ex. A**, Note Advance Schedule) JYAS materially breached the Note by failing to meet the agreed-upon payment schedule.

Each of JYAS's material breaches were an event of Default defined in Section 6 of the Note, and resulted in an immediate acceleration of all amounts owed. (**Ex. A**) JYAS is currently indebted to NextGear in the principal amount of

11

$88,117.13 plus late charges, costs, fees, and NextGear's attorney's fees and court costs. (**Ex. B**)

Per the Note terms, on at least six separate occasions in December 2015, NextGear demanded JYAS to assemble and deliver or prepare for NextGear to retrieve the financed vehicles remaining in JYAS's possession, totaling as many as 24. (**Ex. A**, Note, §7(a)) On January 5, 2016, NextGear again demanded JYAS to surrender the financed vehicles. JYAS surrendered the keys for several vehicles, but refused to allow NextGear to recover the vehicles, alleging that it had an equity right in the inventory. Upon information and belief, JYAS continues to offer the Collateral, which by the Note belongs to NextGear, for sale or trade to the general public. (**Ex. D**, Web-Site "Inventory")

## ARGUMENT

NextGear filed this Motion to secure immediate possession of the financed inventory – as expressly authorized under the Note – to mitigate its losses and hopefully effectuate a timely resolution of this dispute.

Federal Rule of Civil Procedure 64, entitled "Seizing a Person or Property," provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."

The Michigan law of claim and delivery, codified at MCL § 600.2920, provides that "a civil action may be brought to recover possession of any goods or chattels which have been unlawfully taken or unlawfully detained and to recover damages sustained by the unlawful taking or unlawful detention." Michigan law establishes a specific procedure by which a plaintiff may obtain pre-judgment possession. MCR 3.105(E) provides:

> (1) *Motion for Possession Pending Final Judgment.* After the complaint is filed, the plaintiff may file a verified motion requesting possession pending final judgment. The motion must:
>
> (a) describe the property to be seized; and
>
> (b) state sufficient facts to show that the property described will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value, before final judgment unless the property is taken into custody by court order.

Pre-judgment possession of the Collateral is warranted here, where the Collateral to be seized is specific and there is a substantial risk that the Collateral will be disposed of, moved, hidden, or damaged before final judgment unless the property is taken into custody by NextGear.

### A. The Collateral to be seized is identifiable

Although NextGear has a security interest in, and is contractually entitled to recover, "all vehicles and vehicle parts; all Inventory now owned or hereafter acquired," and all accounts and receivables held by JYAS (**Ex. A**, Note at p. 1), it

13

is only requesting a this time the pre-judgment authority to seize vehicles which were specifically financed by NextGear with balances outstanding. These 24 vehicles are identified on NextGear's Receivable Detail Report (Exhibit B) and are as follows:

1. 2007 Ford Focus, VIN 229427, Stock #554
2. 2007 Pontiac G6, VIN 102573, Stock #556
3. 2002 Ford Focus, VIN 109953, Stock #560
4. 2006 Chrysler Town & Country Touring Signature, VIN 738974, Stock #561
5. 2005 Dodge Durango, VIN 510795, Stock #592
6. 2004 Cadillac DeVille, VIN 126115, Stock #596
7. 2004 Cadillac SRX, VIN 165241, Stock #597
8. 2002 Ford Ranger, VIN A74737, Stock #602
9. 2005 Chevy Trailblazer, VIN 276655, Stock #604
10. 2000 Chevy Montana, VIN 285371, Stock #608
11. 2003 Chrysler PT Cruiser, VIN 619934, Stock #609
12. 1998 Ford Mustang, VIN 208711, Stock #610
13. 2003 Chrysler Town and Country, VIN 241525, Stock #612
14. 2000 Ford E350, VIN B26780, Stock #614
15. 2004 Pontiac Grand Am, VIN 245597, Stock #619
16. 1985 Lincoln TownCar, VIN 666860, Stock #621
17. 2001 Ford F150, VIN E49140, Stock #623
18. 2004 Ford Explorer, VIN B17384, Stock #624
19. 2007 Chrysler PT Cruiser, VIN 557762, Stock #625
20. 2004 Ford F150, VIN A44386, Stock #632
21. 2007 Cadillac DTS, VIN 183103, Stock #635
22. 2006 Hummer H3, VIN 282843, Stock # 638
23. 2006 Chevy Aveo, VIN 577252, Stock #639
24. 2008 Chrysler Town & Country Touring, VIN 844342, Stock #641

(**Ex. B**, Receivable Detail Report) The estimated value of the vehicles is $86,798.

(**Ex. C**, Value Spreadsheet) NextGear reserves its right to enforce the terms of the Note to seize additional Collateral during suit and/or after a judgment is obtained.

14

### B. Immediate possession is required to protect from disposition or damage to the Collateral

In addition to JYAS having agreed in the Note to provide NextGear with a security interest in the Collateral, and agreeing that NextGear could immediately re-take possession of the Collateral upon default, an order granting immediate possession is imperative to prevent damage or disposition of the Collateral in this case.

According to its web-site, JYAS is offering the Collateral for sale. (**Ex. D**, web-site). If JYAS is allowed to maintain possession of the financed vehicles during the pendency of this litigation there is a high risk that it will dispose of the vehicles. And because JYAS, in breach of the Note, has already failed to remit the balance owed to NextGear following prior sales, there is a substantial risk that the Collateral will be sold and JYAS will again fail to pay the balance owed.

JYAS has no legal or factual right to possess the financed vehicles and certainly no right to offer NextGear's Collateral for sale or trade. It has breached the Note and all of JYAS's obligations under the Note have been accelerated as a result. The financed vehicles are at serious risk of disposition if they remain in JYAS's possession. NextGear requests immediate possession of the financed vehicles pending final judgment.

### C. The discretionary bond is not required due to JYAS's waiver

MCR 3.105(E)(4) provides that along with an order for seizure, the court "may" require that the plaintiff provide a penalty bond payable to defendant. MCR 3.105(E)(4)(i). The Court should not exercise the right to order a bond here because JYAS has waived any right to demand a bond.

The Note between NextGear and JYAS states that "Borrower waives, to the fullest extent permitted by law, any bond or surety or security on such bond which might, but for this waiver, be required of lender during attempts to recover collateral or otherwise." (**Ex. A**, Note, p. 11, § 25). Michigan law recognizes the ability to waive a security bond by contract. In *Glacier Sales & Engg, L.L.C. v. Eagle Plastics Corp.*, No. 07-CV-13806-DT, 2007 WL 2694402, at *3 (E.D. Mich. Sept. 11, 2007), the defendant similarly agreed by contract that plaintiff would be entitled to replevin of equipment "without posting a bond." *Id.* at *3. In reliance on the contract, the Court in *Glacier Sales*, contemporaneous with granting possession of equipment to plaintiff, held that "[n]o security pursuant to Rule 65 need be posted based upon the Agreement between the parties." *Id.*

NextGear similarly requests that the Court dispense with the optional bond because JYAS has waived it by contract.

**D. An Order should be entered pending disposition of the financed vehicles pending a hearing on this Motion**

In addition to providing possession of the financed inventory prior to a final judgment, MCR 3.105(E) allows for a Court order to prevent disposition of collateral pending the hearing on the motion for possession.

Specifically, MCR 3.105(E) states:

(2) *Court Order Pending Hearing.* After a motion for possession pending final judgment is filed, the court, if good cause is shown, must order the defendant to:

  (a) refrain from damaging, destroying, concealing, disposing of, or using so as to substantially impair its value, the property until further order of the court; and

  (b) appear before the court at a specified time to answer the motion.

The fact that JYAS is continuing to offer NextGear's Collateral for sale, is sufficient to demonstrate the good cause necessary for an immediate order restricting disposition of the Collateral, pending further Court hearing and order.

## RELIEF REQUESTED

For each of the reasons stated above, NextGear respectfully requests the following relief:

A. Pursuant to MCR 3.105(E), entry of an order, pending a hearing, that restrains JYAS or anyone acting in concert with JYAS or with actual or constructive knowledge of this Court's order from using, operating, damaging,

17

destroying, concealing, hypothecating, selling, transferring, giving away, altering or otherwise disposing of the following Collateral in its Lender Financed Inventory or proceeds thereof:

1. 2007 Ford Focus, VIN 229427, Stock #554
2. 2007 Pontiac G6, VIN 102573, Stock #556
3. 2002 Ford Focus, VIN 109953, Stock #560
4. 2006 Chrysler Town & Country Touring, VIN 738974, Stock #561
5. 2005 Dodge Durango, VIN 510795, Stock #592
6. 2004 Cadillac DeVille, VIN 126115, Stock #596
7. 2004 Cadillac SRX, VIN 165241, Stock #597
8. 2002 Ford Ranger, VIN A74737, Stock #602
9. 2005 Chevy Trailblazer, VIN 276655, Stock #604
10. 2000 Chevy Montana, VIN 285371, Stock #608
11. 2003 Chrysler PT Cruiser, VIN 619934, Stock #609
12. 1998 Ford Mustang, VIN 208711, Stock #610
13. 2003 Chrysler Town and Country, VIN 241525, Stock #612
14. 2000 Ford E350, VIN B26780, Stock #614
15. 2004 Pontiac Grand Am, VIN 245597, Stock #619
16. 1985 Lincoln TownCar, VIN 666860, Stock #621
17. 2001 Ford F150, VIN E49140, Stock #623
18. 2004 Ford Explorer, VIN B17384, Stock #624
19. 2007 Chrysler PT Cruiser, VIN 557762, Stock #625
20. 2004 Ford F150, VIN A44386, Stock #632
21. 2007 Cadillac DTS, VIN 183103, Stock #635
22. 2006 Hummer H3, VIN 282843, Stock # 638
23. 2006 Chevy Aveo, VIN 577252, Stock #639
24. 2008 Chrysler Town & Country Touring, VIN 844342, Stock #641

B. Schedule this matter for a hearing within seven days for JYAS to Show Cause why this Court should not enter an order awarding NextGear possession of the unsold NextGear financed vehicles pending final judgment; and

C. At the conclusion of the Show Cause hearing, enter an order permitting NextGear to obtain possession of the unsold NextGear financed

vehicles pending final judgment and awarding NextGear the costs, interest, and attorney fees it incurs in connection with this Motion.

The proposed temporary order is attached as **Exhibit E**. The proposed order for possession following the show cause hearing is attached as **Exhibit F**.

        Respectfully submitted,

        Brooks Wilkins Sharkey & Turco PLLC

        By: /s/ Brad A. Danek
        Daniel N. Sharkey (P53837)
        Brad A. Danek (P72098)
        James McAskin (P72930)
        401 S. Old Woodward, Suite 400
        Birmingham, Michigan 48009
        (248) 971-1800
        sharkey@bwst-law.com
        danek@bwst-law.com
        Attorneys for Plaintiff

January 28, 2016