UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NEXTGEAR CAPITAL, INC.,**
an Indiana company,
        Plaintiff,

v.

**JOHN YURKOVICH AUTO SALES,
INC.,** a Michigan company, and
**JOHN YURKOVICH,** individually,
        Defendants.

Case No.  16-cv-10298

Hon. John Corbett O'Meara
Mag. Judge Mona K. Majzoub

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 58.1, Plaintiff requests entry of a Default Judgment against Defendant John Yurkovich ("Defendant"), and in support thereof states as follows:

1. Plaintiff filed its Complaint on January 28, 2016, alleging in relevant part that Defendant John Yurkovich ("Defendant") was liable for the non-payment of a loan Plaintiff had made to John Yurkovich Auto Sales, Inc., pursuant to Defendant's personal guaranty. [Dkt. 1].

2. On February 1, 2016, the Complaint and Summons were personally served on the Defendant, as reflected in the proof of service and affidavit filed February 2, 2016. [Dkt. 7].

3. Defendant failed to file a responsive pleading on or before February 22, 2016, in accordance with Fed. R. Civ. P. 12.

4. On February 29, 2016, co-defendant John Yurkovich Auto Sales, Inc. filed a petition under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Eastern District of Michigan, which was assigned case no. 16-42857-wsd.

5. The bankruptcy filing resulted in an automatic stay of all actions against John Yurkovich Auto Sales, Inc. The filing did not impact this matter against the individual Defendant.

6. On March 4, 2016, the Clerk entered a default against Defendant. [Dkt. 15].

7. As of the date of this filing, Defendant has not filed an answer to the Complaint or moved to set aside the default.

8. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff, requests that a default judgment be entered against Defendant for failure to plead or otherwise defend.

9. Plaintiff requests entry of a judgment against this Defendant on Count III of the Complaint, alleging breach of contract, in the amount of $125,425.08; consisting of the sum certain of $96,903.23, which is past due (Ex. A, Receivables Report) and $28,521.85 in court costs and fees incurred by Defendant. (Ex. B, Affidavit of B. Danek and fee detail reports.)

10. Plaintiff is entitled to recover legal fees and costs incurred as a result of Defendant's breach, pursuant to the terms of the Note and guaranty between the

parties. (See Complaint at ¶ 52 and ¶ 59 [Dkt. 1]; and Ex. C, Note at p. 8, §7(d) and p. 10, §18.)

11. Where attorney's fees are awarded pursuant to an agreement, they "must be reasonable and not excessive." *Graceland Fruit, Inc v. KIC Chemcials, Inc*, 320 Fed. Appx. 323, 328 (6th Cir. 2008).

12. A district court has broad discretion in awarding attorney's fees under a valid contractual authorization. See *United States Fid. & Guar. Co. v. Braspetro Oil Servs. Co.,* 369 F.3d 34, 74 (2d Cir. 2004).

13. "The process of determining a reasonable fee ordinarily begins with the court's calculation of a so-called 'lodestar' figure, which is arrived at by multiplying 'the number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Graceland Fruit, Inc v. KIC Chemicals, Inc*, 320 Fed. Appx. 323, 328 (6th Cir. 2008) (internal citations omitted.)

14. The amount of fees incurred in this District Court action, $12,188, resulting from 40.10 hours of work by three attorneys with hourly rates from $260 to $480, are reasonable in light of the work performed, including the initial investigation of breach, preparation and filing of the Complaint, and the motion practice resulting in an order for possession of the collateral. (Ex. B, Affidavit of B. Danek and fee detail reports.)

15. The amount of fees incurred to date in the bankruptcy action, $15,752, for 41.00 hours or work by two attorneys with hourly rates from $260 to $530, is reasonable in light of the work performed which included motion practice to secure the collateral, motion practice for Debtor's use of the cash collateral, and seizure of collateral. (Ex. B, Affidavit of B. Danek and fee detail reports.)

16. The proposed Order Granting Plaintiff's Motion for Entry of Default Judgment is attached hereto as Exhibit D.

10. To preserve judicial resources and avoid additional legal fees, Plaintiff requests entry of the default judgment without hearing. See *Law Offices of Christopher J. Trainor & Assoc., PC v. Pittman*, No. 14-14246, 2015 WL 3948885, at *3 (E.D. Mich. June 29, 2015) (holding that civil rule 55 "allows but does not require the district court to conduct an evidentiary hearing.") (internal citations omitted.)

WHEREFORE, Plaintiff prays that this Court enter a Judgment against Defendant in the principal amount of $125,425.08, plus interest from the date of this judgment and additional fees and costs which may be incurred, until paid in full.

Date: May 5, 2016										Respectfully submitted,


											By: /s/ Brad A. Danek
												Daniel N. Sharkey
												Brad A. Danek
											Brooks Wilkins Sharkey & Turco PLLC
											401 S. Old Woodward, Suite 400
											Birmingham, Michigan 48009
											(248) 971-1800; (248) 971-1800 - Facsimile
											sharkey@bwst-law.com
											danek@bwst-law.com
											(P53837)
											(P72930)
											Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NEXTGEAR CAPITAL, INC.,**
an Indiana company,
        Plaintiff,

v.

**JOHN YURKOVICH AUTO SALES,**
**INC.,** a Michigan company, and
**JOHN YURKOVICH,** individually,
        Defendants.

Case No. 16-cv-10298

Hon. John Corbett O'Meara
Mag. Judge Mona K. Majzoub

---

**BRIEF IN SUPPORT OF MOTION FOR**
**<u>ENTRY OF DEFAULT JUDGMENT</u>**

      In support of its motion, Plaintiff relies upon Federal Rule of Civil Procedure 55(b)(2), as well as the pleadings and exhibits that have been filed in this matter.

Dated: May 5, 2016

By: /s/ Brad A. Danek
     Daniel N. Sharkey
     Brad A. Danek
Brooks Wilkins Sharkey & Turco PLLC
401 S. Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1800; (248) 971-1800 - Facsimile
sharkey@bwst-law.com
danek@bwst-law.com
(P53837)
(P72930)
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

By: /s/ Brad A. Danek
Brooks Wilkins Sharkey & Turco PLLC
401 S. Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1800; (248) 971-1800 - Facsimile
danek@bwst-law.com
 (P72930)